UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA,

v.     CRIMINAL ACTION NO.: 2:13-cr-91-2

ROBERT JARED SMITH,

UNITED STATES OF AMERICA,

v.

CRIMINAL ACTION NO.: 5:19-cr-52

JOHN HENRY SWAIN.

## MEMORADMUM OPINION AND ORDER

Pending are the United States' Motions to Seal in the respective above style actions, filed February 19, 2021, and February 22, 2021. [Docs. 1001, 79].

### I.

As to the *Smith* matter, the United States requests to seal Exhibit 4 to its Response in Opposition to Defendant's Motion for Compassionate Release "on the grounds that the document contains information concerning the Defendant and is not intended for public disclosure." [Doc. 1001]. As to the *Swain* matter, the United States requests to seal its Amended Response to Mr. Swain's Motion for Compassionate Release "on the grounds that the response references Defendant's medical records not intended for public disclosure." [Doc. 79].

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Our Court of Appeals has made clear that "[p]ublicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). Indeed, "[i]t is hardly possible to come to a reasonable conclusion on that score without knowing the facts of the case." *Id.*

With regard to the common law, "while a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,' the 'presumption' in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publishing Company*, 743 F.2d 231, 235 (4th Cir. 1984)). "In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Virginia Dept. of State Police*, 386 F.3d at 575 (quoting *Stone v. University of Maryland Medical System Corporation*, 855 F.2d 178, 180 (4th Cir. 1988)). "When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Id.*

Importantly, "[r]egardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Virginia Dept. of State Police*, 386 F.3d at 576 (quoting *Stone*, 855 F.2d 178, 182 (4th Cir. 1988)). In determining whether to seal documents, "the court should consider less restrictive 'alternatives to sealing [that] provide an adequate record for review' and should 'state the reasons for its decision

[with] specific findings.'" *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (quoting *Knight*, 743 F.2d at 235).

Here, the United States has requested a wholesale seal – without first attempting to comply with the redaction requirements of settled law – of the very documents that are integral to the Court's decision-making process respecting the Defendants' motions for compassionate release. Irrespective of whether the right of access to the documents at issue arise from the First Amendment or common law, the instant matters lack the unusual circumstances wherein the public right to access may be abrogated. Indeed, the Court does not find that the wholesale sealing of the entirety of the United States' Amended Response nor Exhibit 4 is justified under either common law or First Amendment standards. This is particularly so given that the Defendants' medical conditions and records are central to the Court's decision on their compassionate release motions.

Furthermore, the Court notes that it does not make decisions in the dark. To do so would infringe upon the public's right and ability to judge the decisions rendered by the Court in any given case. As such, any future requests for a seal, without counsel having first attempted to comply with the redaction requirements of settled law, will be summarily denied.

## II.

Accordingly, the United States' Motions to Seal in the respective above styled actions [**Docs. 1001, 79**] are **DENIED**.

The Clerk is directed to send a copy of this written opinion and order to the Defendants and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED: March 2, 2021



Frank W. Volk
United States District Judge